**NOT FOR PUBLICATION**



# FILED

MAR 06 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30043 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:16-cr-00030-SPW-1 |
| MATTHEW STONEY OLSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 4, 2019[**]
Portland, Oregon

Before:  GRABER and BERZON, Circuit Judges, and TUNHEIM,[***] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Defendant Matthew Stoney Olson timely appeals his convictions for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm.

1. The district court neither precluded Defendant's presentation of his defense nor abused its discretion in limiting testimony. See United States v. Lynch, 437 F.3d 902, 913 (9th Cir. 2006) (en banc) (per curiam) (stating that we review de novo whether a district court's evidentiary ruling "precludes the presentation of a defense" but that we review for abuse of discretion limits on testimony). Defendant claimed that, out of animosity toward him and in an attempt to frame him, his ex-wife's boyfriend secretly entered Defendant's home, accessed Defendant's computer, and downloaded the child pornography. To show the boyfriend's motive, the court allowed Defendant to present evidence that Defendant and his ex-wife were involved in a child-custody dispute and that the dispute generated animosity between Defendant and the boyfriend.

But the district court rejected, as irrelevant and speculative, Defendant's attempts to present evidence of the specific reasons for the dispute between Defendant and the boyfriend: allegations that the boyfriend abused Defendant's children. The district court permissibly concluded that Defendant failed to explain how those allegations would bolster his defense and that, even if the proffered

2

evidence had some probative value, that value was outweighed by confusion of the issues or the potential to mislead the jury. Fed. R. Evid. 403; Holmes v. South Carolina, 547 U.S. 319, 326–27 (2006).

2. Sufficient evidence supported the convictions. See United States v. Shetler, 665 F.3d 1150, 1163 (9th Cir. 2011) (stating that we review de novo the sufficiency of the evidence). "[V]iewing the evidence in the light most favorable to the prosecution," Jackson v. Virginia, 443 U.S. 307, 319 (1979), a reasonable juror could conclude that Defendant, and not an interloper, downloaded and possessed the images of child pornography found on Defendant's computer. Witnesses testified that the computer was used solely by Defendant. Different videos of child pornography were accessed on different days. Additionally, at the same time that the perpetrator downloaded and accessed the pornography, Defendant's Facebook and Yahoo accounts were in use and messages were sent from Defendant's Skype account.

**AFFIRMED.**